IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SAMUEL B. KATZOVICZ, II, | : | |
| PLAINTIFF, | : | SEP 22 2022 |
| VS. | : CASE NO: | |
| | | Nathan Ochsner, Clerk of Court |
| GREAT WOLFE EXPRESS, and | : | |
| Wan Xing and Wang Ping and JOHN | : | |
| DOES 1-10, INCLUSIVE, | : JURY TRIAL DEMANDED | |
| DEFENDANT. | : | |

## COMPLAINT AT LAW AND IN EQUITY

AND NOW, comes the Plaintiff, Samuel B. Katzovicz, II, by and through himself, *pro se*, to file this complaint and in support thereof avers as follows:

### I. NATURE OF THE CASE

1. The Plaintiff initiates this action against the Defendant as the result of a motor vehicle incident involving transportation containers obtained from the Defendant's negligence in failing to properly load the cargo within shipping container thereby causing the shipping container to tip over while turning and causing damages $137,354.96 thereby giving rise to this action.

2. As a direct and proximate cause of the incident complained of and evidenced herein, the Plaintiff suffered economic and non-economic damages in an amount to be fully determined by discovery and a trial by jury not less than $137,334.96.

1

3. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein as well as any and all other relief deemed necessary and applicable.

## II. JURISDICTION

4. This is a civil action authorized under 28 U.S.C. § 1331 establishing diversity jurisdiction in cases resulting in damages not less than $135,000.00.

## III. VENUE

5. Venue is proper as the matters complained of have taken place in this district while both the Plaintiff and Defendants are based in different states, thereby satisfying diversity jurisdiction requirements. Defendant regularly transacts in this district.

## IV. PARTIES

5. PLAINTIFF - is Samuel B. Katzovicz, II who is based in New Jersey with an address of 50 Andover Dr, Kendall Park NJ 08824.

6. DEFENDANT - is Great Wolfe Express, - headquartered in the state of California with an address of 20955 Pathfinder Road, Ste 350, Diamond Bar, CA 91765. Plaintiff does not know the true names and capacities of all the Defendants sued as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Upon information and belief, these individuals comprise the managers of personnel of the company specifically responsible for the matters complained of herein. They made statements and assurances to TMX for quality and care taken in loading cargo and securing for transportation in said containers. Plaintiff does not currently know the true names and capacities of those who may claim an ownership interest in the Property, but Plaintiff will amend his complaint to add the true names, identities and addresses of those individuals, through process of discovery.

## V. STATEMENT OF FACTS

7. The Plaintiff initiates this action against the Defendant as the result of a motor vehicle incident involving transportation containers resulting from the Defendant's negligence in failing to properly load the shipping container and safely secure the cargo within it, thereby causing the shipping container to tip over while turning and causing damages not less than $137,334.96 thereby giving rise to this action.

8. The accident took place in Houston Texas and resulted in several categories of damages:

   (1) Direct damages for the turnover incident estimated at about $137,000.00

   (2) Per Diem Charges for detained containers about $22,000.00

   (3) Non payment for services rendered in good faith to deliver other faulty containers about 24000.00

   (4) Other incidental fees for examining all cargo from this Defendant

   (5) Late fees for lack of payment about 5000.00

9. The Plaintiff hired an outside consultant that tested other containers from the Defendant and found that they were all faulty loaded , which substantiates the claims that the Defendant's faulty loading and securing cargo is the direct and proximate cause of the incident described resulting in damages. sought.

10. The Plaintiff contacted the Defendant for compensation with regards to the above referenced incident and received correspondence from counsel indicating that they were not going to provide compensation with regards to this incident or any other payment for services rendered in good faith.

11. Relevant in this matter is that the Defendant operates without having an FMCSA Bond, but has a NVOCC Bond of $75,000.00 that a claim has been placed against; however, no response has been received with regards to this placement.

12. As a direct and proximate cause of the incident complained of and evidenced herein, the Plaintiff suffered economic and non-economic damages in an amount to be fully determined by discover and in a trial by jury not less than $165,000.00.

13. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein as well as any and all other relief deemed necessary and applicable.

## VI. CLAIMS

### COUNT I

### NEGLIGENCE

14. The Plaintiff hereby references and incorporates paragraphs 1 through 16 as though set forth herein at length.

15. To maintain a negligence claim under Texas and Federal law, Plaintiff must show "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." Kristensen v. United States, 993 F.3d 363, 368 (5th Cir. 2021) (quoting IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004)).

16. The Defendant in this matter had a duty to load the shipping containers properly in a manner that would not risk the type of incident described in this case where the cargo contained tipped over and caused an accident as a direct and proximate cause of the shipping container not being properly balanced and cargo within it properly secured against shifting.

17. The Defendant breached this duty when they failed to properly load the shipping container consistent with standards of practice when the cargo was not loaded properly and was skewed as well as unsecured inside of the container which caused the container and the truck to flip upon turning.

18. The Plaintiff hired an outside consultant that tested other containers from the Defendant and found that they were all faulty loaded which substantiates the claims that the Defendant's faulty loading is the direct and proximate cause of the incident described in this matter resulting in damages.

19. All of the Defendant's shipping containers had to be secured properly and moved specifically in a slow manner in order to avoid a similar incident to the one described herein which shows that the Defendant is at fault to begin with.

20. As a direct and proximate cause of the incident complained of and evidenced herein, the Plaintiff suffered economic and non-economic damages in an amount to be fully determined in a trial by jury not less than $137,000.00.

21. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein as well as any and all other relief deemed necessary and applicable.

## COUNT II

## NEGLIGENT HIRING, TRAINING, MONITORING, AND SUPERVISION

22. The Plaintiff hereby references and incorporates paragraphs 1 through 16 as though set forth herein at length.

23. Under Texas and Federal law, negligent hiring, retention, and supervision claims are all simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability. Phillips v. Super Servs. Holdings, LLC, 189 F. Supp. 3d 640, 648 (S.D. Tex. 2016) (citing Guidry v. Nat'l Freight, Inc., 944 S.W.2d 807, 810 (Tex. App.—Austin 1997, no writ).

24. Like all simple negligence claims, the elements are duty, breach, and damages proximately caused by the breach.

25. A plaintiff can recover for "negligent hiring and supervision in cases where the employer's direct negligence in hiring or retaining an incompetent employee whom the employer knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." Garcia v. Hospice of El Paso, 2003 WL 21961177 at *5 (W.D. Tex. 2003) (citing Wise v. Complete Staffing Services, Inc., 56 S.W.3d 900, 902 (Tex. App.—Texarkana 2001, no pet.))

26. "Texas has long recognized an employer's duty to make inquiry into the competence and qualifications of those considered for employment, and an employer may be guilty for negligently hiring an incompetent employee and thus be held liable for damages." McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLP, 288 F. Supp. 2d 796, 803 (N.D. Tex. 2003) (citing Arrington v. Fields, 578 S.W.2d 173, 179 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.).

27. With regards to the incident described in this matter, an unreasonable risk of harm was created by the Defendant's employees in their failure to properly supervise the loading and secure the containers described which resulted in the accident giving rise to this action.

28. Either the Defendant Employer knew or by exercise of reasonable care should have known that this unreasonable risk of harm to others would be created through the failure to train and supervise employees with regards to the proper loading and securing of the cargo to be distributed particularly with regards to the incident giving rise to this action.

28. As a direct and proximate cause of the incident complained of and evidenced herein, the Plaintiff suffered economic and non-economic damages in an amount to be fully determined in a trial by jury not less than $137,000.00.

29. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein as well as any and all other relief deemed necessary and applicable.

6

## VII. JURY TRIAL DEMANDED

30. The Plaintiff hereby demands a trial by jury with regards to any and all genuine disputes of material facts.

## VIII. PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, the Plaintiff seeks that this Honorable Court enter a judgment against the Defendants as follows:

A) COMPENSATORY DAMAGES in an amount not less than $137,000.00 to be determined by discover and in a trial by jury as follows:

    (a) Direct damages for the turnover incident estimated at about $137,000.00

    (b) Per Diem Charges for detained containers about $22,000.00

    (c) Non Payment for services rendered in good faith 24000.00

    (d) Late fees for lack of payment about 5000.00

B) PUNITIVE DAMAGES in an amount to be determined in a trial by jury as follows:

    (a) Treble damages in an amount not less than $411,000.00

C) COSTS AND FEES associated with litigating this matter

D) ANY AND ALL OTHER RELIEF DEEMED NECESSARY AND APPLICABLE

DATED: September 22, 2022             Respectfully Submitted,

_[signature]_

Samuel Katzovicz
(401) 486-3946